CC: Fiscal

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DAVALAN SALES, INC., a California corporation; DAVALAN SALES, INC, a California corporation also trading as THE BANANA COMPANY; CHOUMAS PRODUCE CO., INC., a California corporation; PAOLA MC CITRUS CORP., a California corporation; PROGRESSIVE PRODUCE CORPORATION, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>F & F BUSINESS MANAGEMENT SERVICES, INC., a corporation d/b/a F & F PRODUCE; FARSHAD HEDAYATI, an individual,<br><br>Defendants. | CASE NO. 12-cv-00615-JFW (AJWx)<br><br>**ORDER APPROVING STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS F & F BUSINESS MANAGEMENT SERVICES, INC., D/B/A F & F PRODUCE AND FARSHAD HEDAYATI; AND DISSOLVING TEMPORARY RESTRAINING ORDER** |

Having read and considered the Stipulation for Entry of Judgment submitted by Plaintiffs DAVALAN SALES, INC., a California corporation; DAVALAN SALES, INC, a California corporation also trading as THE BANANA COMPANY; CHOUMAS PRODUCE CO., INC., a California corporation; PAOLA MC CITRUS CORP., a

1

California corporation; and PROGRESSIVE PRODUCE CORPORATION, a California corporation (collectively, "Plaintiffs") and Defendants F & F BUSINESS MANAGEMENT SERVICES, INC., a corporation d/b/a F & F PRODUCE and FARSHAD HEDAYATI, an individual, (collectively "Defendants"), and all other pleadings and papers on file herein, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation for Entry of Judgment is approved in its entirety.

IT IS FURTHER ORDERED that the following facts are hereby adopted by this Court as Findings of Fact upon such terms and conditions as provided in the Stipulation.

1. Plaintiffs DSI and TBC are, and during all times mentioned herein have been, licensed by the U.S. Department of Agriculture ("USDA") under the Perishable Agricultural Commodities Act ("PACA") license no. 19840351, which identifies TBC as a trade name of DSI.

2. Plaintiff Choumas is and during all times mentioned herein was licensed by the USDA under PACA license no. 19197112.

3. Plaintiff Paola is, and during all times mentioned herein has been, licensed by the USDA under PACA License no. 20080542.

4. Plaintiff PPC is, and during all times mentioned herein has been, licensed by the USDA under PACA license no. 20040014.

5. Defendant F&F is and during all times mentioned herein was, a California corporation, having a principal business address of 2680 Bonnie Beach Pl., Vernon, California 90058.

6. Defendant F&F is and during all times mentioned herein has been licensed by the USDA under PACA license no. 20100569, which identifies Defendant FH as the principal of F&F.

7. Defendant FH is an individual who is and during all times mentioned herein was an officer, director, owner and/or shareholder of F&F and was in a position to

2

control the trust assets under the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et.seq.*] that are the subject of the above-captioned lawsuit.

8. During all times mentioned herein, F&F purchased and sold perishable agricultural commodities during a calendar year in aggregate quantities exceeding 2,000 pounds in weight in any day shipped, received or contracted to be shipped or received.

9. By virtue of the total shipping weight as described above, and by virtue of F&F's status as a valid PACA licensee, F&F was a dealer as defined by PACA and was therefore operating subject to PACA and its rules and regulations, including without limitation the PACA trust provisions set forth at 7 U.S.C. §499e et.seq.

10. Between on or about July 28, 2011 and September 21, 2011, Plaintiffs DSI and TBC sold and shipped perishable agricultural commodities to F&F at said Defendant's request, for which said Defendant agreed to pay said Plaintiffs the total principal amount of $127,574.65, itemized as $58,899.75 due to DSI and $68,674.90 due to TBC.

11. Between on or about October 6, 2011, and November 25, 2011, Plaintiff Choumas sold and shipped perishable agricultural commodities to Defendant F&F, at said Defendant's request, for which said Defendant agreed to pay Plaintiff Choumas in the total principal amount of at least $58,592.75.

12. Between on or about November 14, 2011 and December 10, 2011, Plaintiff Paola sold and shipped perishable agricultural commodities to F&F, at said Defendant's request, for which said Defendant agreed to pay Plaintiff Paola in the total principal amount of at least $7,937.50.

13. Between on or about August 18, 2011 and September 2, 2011, Plaintiff PPC sold and shipped perishable agricultural commodities to F&F, at said Defendant's request, for which said Defendant agreed to pay Plaintiff Paola in the total principal amount of at least $8,982.50.

14. At or about the date of each transaction described above, Plaintiffs forwarded to F&F invoices for said transactions setting forth in detail the amounts owed by said Defendant for Defendant's purchase of the commodities.

15. Plaintiffs have repeatedly demanded that F&F pay the amounts due and owing under the above-described invoices. However, said Defendant has failed and refused and continues to fail and refuse to pay Plaintiffs for the produce purchased and no part of those sums due and owing, has been paid. Consequently, Defendants still owe Plaintiffs the cumulative principal amounts of: (a) $58,899.75 due to DSI; (b) $68,674.90 due to TBC; (c) $58,592.75 due to Choumas; (d) $7,937.50 due to Paola; and, (e) $8,982.50 due to PPC.

16. Plaintiffs have performed all conditions, covenants and obligations required to be performed by them under the agreement for sale of produce as set forth herein.

17. The commodities described above were sold in the course of and in contemplation of entering interstate and/or foreign commerce.

18. Plaintiffs have taken all steps necessary to properly preserve their PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due Plaintiffs from F&F qualify for protection under the PACA trust statute.

19. F&F has failed to pay Plaintiffs for the PACA balances due as described above, the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

20. FH is a statutory PACA trustee, obligated to preserve the PACA trust assets for the benefit of Plaintiffs as a PACA trust beneficiary of F&F and has breached his obligations as a statutory trustee by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiffs. FH is therefore liable, jointly and severally, to Plaintiffs for such breach.

IT IS FURTHER ORDERED that so long as Defendants are not in default of the terms of the Stipulation for Entry of Judgment as contemplated therein, and so long as each payment required hereunder is made at the time and in the manner set forth herein,

1  Plaintiffs shall take no steps to enter or enforce the Proposed Judgment attached to said
2  stipulation as Exhibit 2 in any manner whatsoever.

3  IT IS FURTHER ORDERED that in the event of default as contemplated by this
4  Stipulation, judgment as contemplated by the Stipulation may be entered on an *ex parte*
5  basis and without further court order, subject only to the Defendants' right to object to
6  entry of judgment based only upon the following grounds: (a) whether a default has in
7  fact occurred, as such default is contemplated herein; or, (b) whether any sums
8  acknowledged by Plaintiffs as having been received by Plaintiffs prior to default are
9  accurate. If the Defendants intend to object to entry of the judgment then the Defendants'
10 objection to entry of judgment and any related pleadings shall be served and filed in
11 compliance with applicable Local Rules of the United States District Court for the
12 Central District of California and Federal Rules of Civil Procedure governing *ex parte*
13 applications. Failure to file and serve any such notice and opposition within such period
14 will be deemed the Defendants' admission of default.

15 IT IS FURTHER ORDERED that the U.S. District Court for the Central District
16 of California shall retain exclusive jurisdiction over the parties and subject matter herein
17 in order to enforce or interpret the provisions of this Stipulation and to enter and enforce
18 judgment hereon.

19 IT IS FURTHER ORDERED that Plaintiffs' Complaint shall be and hereby is
20 dismissed without prejudice pending payment of the sums due hereunder. Said dismissal
21 shall be subject to immediate reopening upon Plaintiffs' *ex parte* application to either
22 enforce or interpret the terms of the Stipulation for Entry of Judgment and to enter and
23 enforce judgment as contemplated herein.

24 IT IS FURTHER ORDERED that the Temporary Restraining Order issued by this
25 Court on January 30, 2012 ("TRO") shall be dissolved in its entirety without further court
26 order, conditioned only upon receipt by Plaintiffs' counsel of the sum of $15,250.00. To
27 the extent any funds necessary to remit this payment are restrained by the TRO, such
28 funds may be immediately released from any restrained account for the express purpose

of remitting this payment and that the release of any such funds shall not be deemed to be a violation of the TRO.

SO ORDERED.

DATED: February 9, 2012

*/s/ John F. Walter*
HON. JOHN F. WALTER
JUDGE, U.S. DISTRICT COURT